WADSWORTH ASSOCIATES, INC., Appellant, *v.* MANHATTAN MORT-
GAGE COMPANY, Respondent.

First Department, December 4, 1925.

Contracts — building loan contract — action by borrower for breach —
defense of res adjudicata — plaintiff alleges that defendant failed to
continue advances as agreed — defendant foreclosed mortgages while
building was in progress on failure of plaintiff to pay amount due —
alleged breach of building loan contract should have been set up in
foreclosure actions — plaintiff cannot recover.

The plaintiff cannot recover damages for breach of building loan agreements
based on the alleged failure of the defendant to make advances thereunder as
agreed, since it appears that the agreements provided that the defendant would
have the right, in case of the failure of the plaintiff to pay him the amount due
thereunder, to foreclose the mortgages given to secure the debt; that prior to
the commencement of this action the mortgages were foreclosed for failure of
the plaintiff to pay the amount due under the agreements; and that the plaintiff
did not interpose in the foreclosure actions the defense that the defendant had
failed to comply with the agreements, and, therefore, plaintiff cannot now
contend that the action of the defendant in refusing to advance further money,
and in foreclosing the mortgages under the agreements, constituted a breach
of the agreements for which the defendant must pay damages.

APPEAL by the plaintiff, Wadsworth Associates, Inc., from an
order of the Supreme Court, made at the New York Special Term
and entered in the office of the clerk of the county of New York
on the 28th day of October, 1924, granting defendant's motion
to dismiss the complaint upon the ground that the cause of action
is barred by former judgments entered in favor of the defendant
herein and against the plaintiff herein, and also from a judgment
entered in said clerk's office on the same day, pursuant to said order.

*Samuel S. Watson* [*Merle I. St. John* of counsel], for the appellant.

*W. Russell Osborn,* for the respondent.

MARTIN, J.:

By this action the plaintiff seeks to recover damages for breach
of three building loan agreements dated April 27, 1916, between
the plaintiff and the defendant, by the terms of which defendant
agreed to loan the plaintiff the aggregate sum of $170,000 as
building loans in aid of the erection of three apartment houses.
These building loan contracts are identical, except as to the
description of the property and the amounts to be loaned.

The plaintiff alleges that in April, 1916, after it had arranged
for said building loans, it purchased the parcels of land for $85,000;
that at the time the building loan contracts were executed the

defendant advanced to plaintiff, on account of said loans, $14,000 on each of two parcels and $9,000 on the other, a total of $37,000, which was all that defendant ever advanced; that as soon as the building loan contracts were made, plaintiff commenced the building operations and continued the same in accordance with the loan agreements until the second tier beams were laid; that further advances were then due from defendant to plaintiff; that defendant refused and failed to make the advances, or any further advances, and thereby breached the building loan agreement to plaintiff's damage in the sum of $147,000.

The plaintiff also alleges that defendant was to make advances to it as the building operations progressed, as shown by the building loan contracts, the first payment on execution of the contracts, the second when the second tier beams were laid, and the third when the fourth tier beams were laid. No time limit was provided in the building loan contract within which the construction work was to be completed.

It is alleged that plaintiff carried on the building operations up to and including the laying of the second tier beams with diligence and in accordance with the loan agreements; that on August 9, 1916, approximately $20,625 had been expended upon the three buildings; that by December 1, 1916, about $51,950 had been expended; and that between December 1, 1916, and March 1, 1917, about $30,925 additional had been expended, which made an aggregate expenditure on the three buildings prior to March 1, 1917, exclusive of the cost of the land, of approximately $82,875.

On February 24, 1917, plaintiff notified defendant that the second tier beams would be in place by March first following, and that the second payment pursuant to the terms of the building loan agreements would then be due from the defendant.

The complaint sets forth that on March 6, 1917, defendant for the first time informed plaintiff that no further advances under the building loan agreements would be made, and alleges that at such time plaintiff was ready, willing and able to carry on and complete the building operations in full accordance with the building loan agreements, and notified defendant to that effect, provided only defendant made the advances on the building loans as called for by the loan agreements, but that defendant failed and refused to make any further advances.

The plaintiff contends that at the time the building loan agreements were made and delivered, it was understood and agreed by the parties that the buildings would not be completed prior to December 1, 1916, and that the loans were not to become due on that date; that the advances were to continue and the building

loans were not to become due until a reasonable time after the completion of the buildings, thereby assuring to plaintiff a reasonable time within which to make a permanent loan after the buildings had been completed; that this agreement was subject only to the condition that the building operations should be carried on with reasonable diligence; and that when the quarterly interest upon the advances previously made was paid on August 9, 1916, there was a further agreement between plaintiff and defendant that the advances on the building operations should continue and the time of the repayment of the loans extended until a reasonable time after the completion of the buildings, provided only that the building operations were carried on and continued with reasonable diligence.

The plaintiff alleges that it is an established custom, well and generally known in the building trade and in the building loan business and well known to defendant at the time the building loan agreements were executed, to make building loans for the purpose of constructing buildings, stipulated to fall due on demand or at some date mentioned in the building loan agreements, but which dates were merely nominal, it being an established and well-known custom in the trade and business, well known to defendant, that such loans are made to continue until the buildings are completed and for a reasonable time thereafter, irrespective of the stipulated due date, in order to give builders a reasonable opportunity to secure permanent loans, provided only the building operations be prosecuted with reasonable diligence; that it relied upon defendant's promises and agreements, as contained in the building loan agreements *modified as aforesaid,* and, relying upon defendant's promises to make the advances therein stipulated for as the building operations progressed and to continue the loan until the building was completed, plaintiff expended and incurred obligations aggregating approximately $82,875 exclusive of the cost of the land, the cost of which was $85,000; that by reason of defendant's failure to make the advances as provided in the building loan agreements, *as modified,* plaintiff lost all moneys expended and became liable for obligations incurred by it in connection with the building operations and in the purchase of the land, for which sums plaintiff demanded judgment.

The answer sets up as a defense that the loans made under this contract were merged in mortgages provided for in the loan agreements, and that the mortgages were foreclosed because of failure to pay interest thereon. The answer then proceeds to set up that the foreclosure of these mortgages involved an adjudication that plaintiff failed to comply with the terms of the loan agreements,

which adjudication is now binding on plaintiff and a complete defense to its action.

On the trial the complaint was dismissed upon the theory that the former judgment was a bar to this action.

The loan agreement provided:

" 7th. Whenever and as often as any of the following events occur before the amount of said loan is fully advanced, all obligation on the part of the lender or the holder of said mortgage to make or procure any further advances shall cease, if the lender so elect, and the said mortgage debt shall become due and payable at the option of the lender or of the holder of the mortgage, anything therein or in said bond contained to the contrary notwithstanding: * * *

"(r) If default should be made in the payment of interest upon any of the mortgages herein mentioned.

" The mortgage may contain the foregoing provisions or any of them but the omission of any of such provisions shall not be a waiver of any of them."

It was thus provided that all obligation to advance money under the loan agreements should cease if default should be made in the payment of interest upon any of the mortgages.

In the foreclosure action it was adjudicated that there was a default in payment of interest on the amount advanced represented by the mortgages, and that both the principal and interest had become due, and accordingly the obligation to make further advances under the agreements ceased.

That the mortgages were foreclosed may have been the result of defendant's failure to carry out the loan agreements. If the plaintiff in this action had such a defense to the foreclosure action, he should have asserted it at that time.

Each of the loan agreements provided:

" 1st. The lender accepts such application, and if the borrower proceeds with the erection of the building and observes the terms of this agreement, will loan or procure to be loaned to the borrower the sum of * * * Dollars to be advanced in installments as set forth in Schedule ' C ' as hereto annexed, *which loan is to be secured by the bond* of the borrower, conditioned for the re-payment of the amount so advanced on or before December 1st, 1916, with interest thereon from the dates of the various advances at the rate of six per cent per annum payable quarterly, and by a mortgage covering said premises, in which the wife, if any, of the borrower, shall join, which mortgage shall be a valid lien on a good and marketable title in fee to said premises for all sums that may be advanced on said bond and mortgage, subject to no encumbrance

except such as may be waived by the lender." (Italics are the writer's.)

Paragraph 7 of the complaint in the foreclosure action alleges: " 7. That the said defendants have failed to comply with the conditions of the said bond and mortgage by omitting to pay the sum of $14,000 which became due and payable on December 1st, 1916; and that there is now justly due to the plaintiff upon said bond and mortgage the principal sum of $14,000, with interest thereon from November 1st, 1916, at the rate of six per cent per annum."

The bond and mortgage were given as security for the loan which was made under the terms of the loan agreements. When interest on these loans, as evidenced by the bond and mortgage, was not paid, the right to foreclose became absolute unless there was a defense to that action. The failure to pay interest was a failure by the plaintiff herein to comply with the terms of the loan agreement and was a breach thereof. When the action to foreclose was brought, the defendant should have contested the action by filing an answer and pleading as a defense the facts now alleged in its complaint.

In the present action plaintiff does not seek, directly or indirectly, to open or retry the foreclosure actions or to correct what may have been erroneous judgments.

It is evident, therefore, that the failure to set up in the prior suits the defense which the plaintiff now indicates it may have had would defeat any right it might otherwise have to sue in this action to recover damages for breach of contract.

The judgment and order dismissing the complaint should be affirmed, with costs.

CLARKE, P. J., DOWLING, FINCH and MCAVOY, JJ., concur.

Judgment and order affirmed, with costs.